Chapman v. Metropolitan Life          CV-96-128-M    06/06/96

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Conrad Chapman,
     Plaintiff

    v.                                        Civil No. 96-128-M

Metropolitan Life Insurance Company,
     Defendant


O R D E R


Plaintiff originally filed this case in the New Hampshire Superior Court.  Defendant then removed it to this court based on an assertion of diversity jurisdiction.  Pending before the court is plaintiff's motion to remand to state court based on the absence of diversity jurisdiction.  Specifically, plaintiff claims that the matter in controversy does not exceed the sum or value of $50,000, exclusive of interest and costs, as required by 28 U.S.C. §1332(a).


The burden of establishing federal jurisdiction rests with the party invoking it, in this case the defendant.  University of Rhode Island v. A.W. Chesterton Co., 2 F.3d 1200, 1213 (1st Cir. 1993).  The strong presumption against removal jurisdiction also places on defendant the burden of establishing that removal is

proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Usually, a removing defendant's burden is satisfied as to the amount in controversy requirement if, in the state court pleadings, the plaintiff claimed a sum greater than the federal jurisdictional amount.  But, "[i]f it is unclear what amount of damages the plaintiff has sought . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  Id., at 566-67 (emphasis in original) (citations omitted).  In this case, plaintiff's state court writ merely claims damages "in an amount within the jurisdictional limits of [the Superior] court."  Moreover, in his motion to remand, plaintiff specifically denies that the amount at issue exceeds $50,000.

Defendant has clearly failed to satisfy its "burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $50,000."  Id., at 567 (emphasis in original) (citing Garza v. Bettcher Indus., Inc., 752 F. Supp. 753, 763 (E.D. Mich. 1990) (holding that defendant's bald recitation that "the amount in controversy exceeds $50,000," without identifying any specific factual allegations or provisions in the complaint which might

2

support that proposition, should provoke <u>sua</u> <u>sponte</u> remand)). In this case, too, defendant's removal petition merely asserts that the amount in controversy exceeds $50,000, with no reference to any facts or factual allegations that might support the assertion. Accordingly, defendant has failed to meet it's burden of establishing jurisdiction and showing that removal was proper.

Even considering the assertions in defendant's brief objection to remand (document no. 8) and its pending motion to dismiss (document no. 5), I still conclude that the requisite jurisdictional amount has not been established. Parenthetically, the court notes that, contrary to defendant's assertions, the "legal certainty" test is not applicable in determining removal jurisdiction based on the amount in controversy aspect of diversity jurisdiction. <u>See, e.g.</u>, <u>Gaus</u>, <u>supra</u>.

The deficiencies in defendant's proof can by briefly summarized as follows. While defendant points to the fact that plaintiff is suing for breach of a contract to pay insurance benefits while he remains disabled, and that the full amount payable under the policy would equal $60,000 if plaintiff remained disabled for the ten year period covered by the policy,

3

there is no assertion that plaintiff's condition (whatever it is) is likely keep him disabled for ten years. Even more significantly, defendant nowhere asserts that the present (discounted) value of all future disability payments under the policy exceeds $50,000. Realistically, given any reasonable assumption regarding projected interest rates, the present value of the maximum policy benefit is far less than $50,000. Thus, there is both uncertainty and contingency associated with plaintiff's recovery of future benefits, and even if plaintiff is assumed to be claiming a present right to all potential future benefit payments, defendant has failed to demonstrate that the present value of those benefits exceeds $50,000. See, e.g., Sarnoff v. American Home Products Corp., 798 F.2d 1075, 1078 (7th Cir. 1986) (present value of future installments determines the amount in controversy).

As to plaintiff's claim for "enhanced compensatory damages," the amount claimed is not known, plaintiff says he is not claiming damages in excess of $50,000, and, in any event, under New Hampshire law plaintiff cannot recover enhanced compensatory damages for breach of contract. DCPB, Inc. v. City of Lebanon, 957 F.2d 913 (1st Cir. 1992). Similarly, plaintiff's attorney's

4

fee claim is not based upon a contractual or statutory right (at least no such assertion is made), but rather appears to be based on the common law doctrine described in Harkeem v. Adams, 117 N.H. 687 (1977). Even if plaintiff is presumed to be entitled to recover under that doctrine if his allegations are taken as true (a doubtful proposition), there is nothing in this record from which a reasonable fee could be fairly estimated. Accordingly, there is no way to determine whether a combination of the present value of disability benefits plus attorney's fees might meet the amount in controversy threshhold.

Defendant has failed to meet its burden of establishing the requisite amount in controversy to support diversity jurisdiction and showing that removal was proper. Accordingly, plaintiff's motion for remand (document no. 6) is hereby granted. This case shall be remanded to the New Hampshire Superior Court (Hillsborough North).

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

June 6, 1996

cc:  Brian C. Shaughnessy, Esq.
     William D. Pandolph, Esq.

5